IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH M. WALLS, | § | |
| | § | No. 193, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 86001399DI (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 14, 2019
Decided: December 6, 2019

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Joseph M. Walls, filed this appeal from the Superior Court's denial of his motion requesting resentencing under 11 *Del. C.* § 4216(d) and denial of his request for transfer to the Veterans Administration hospital for treatment of certain mental health conditions. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Walls's opening brief that his appeal is without merit. We agree and affirm.

(2) On November 17, 1987, a Superior Court jury found Walls guilty of various offenses arising from a home invasion. On March 18, 1988, the Superior

Court sentenced Walls and entered an order of judgment. Walls appealed. This Court affirmed the Superior Court's judgment on February 8, 1990 and issued a mandate on March 1, 1990.[1]

(3)     In November 2018, Walls filed a "Motion for TIS Resentencing," in which he argued that he is entitled to resentencing under 11 *Del. C.* § 4216(d). In March 2019, Walls sent the Superior Court a letter requesting that he be transferred to the Veterans Administration hospital for treatment for posttraumatic stress disorder and traumatic brain injury that resulted from his military service. On April 11, 2019, the Superior Court denied Walls's requests for relief. This appeal followed.

(4)     Walls's first argument on appeal is that he is entitled to resentencing under the Truth in Sentencing Act of 1989 (the "TIS Act") because his conviction was not "final" until this Court issued the mandate in his direct appeal on March 1, 1990. "The General Assembly passed the Truth in Sentencing Act on July 17, 1989,

---

[1] *Walls v. State*, 1990 WL 17759 (Del. Feb. 8, 1990). Walls was convicted in 1986 of charges relating to a different home invasion. *Walls v. State*, 560 A.2d 1038 (Del. 1989). Walls has brought numerous motions challenging his convictions and sentences and has filed litigation asserting claims against various state officials. *See, e.g.*, *Walls v. State*, 2018 WL 2727579 (Del. June 5, 2018); *Walls v. State*, 2017 WL 961802 (Del. Mar. 10, 2017); *Walls v. Coupe*, 2015 WL 1124612 (Del. Mar. 10, 2015); *Walls v. Phelps*, 2014 WL 279472 (Del. Jan. 23, 2014); *Walls v. State*, 2013 WL 4505818 (Del. Aug. 20, 2013); *Walls v. Little*, 2012 WL 1415582 (Del. Apr. 23, 2012); *Walls v. State*, 2011 WL 2893027 (Del. July 20, 2011); *Walls v. State*, 2010 WL 5393996 (Del. Dec. 28, 2010); *Walls v. State*, 2009 WL 1058731 (Del. Apr. 21, 2009); *Walls v. State*, 2008 WL 187948 (Del. Jan. 7, 2008); *Walls v. State*, 2004 WL 2421198 (Del. Oct. 15, 2004); *Walls v. State*, 1996 WL 21036 (Del. Jan. 4, 1996); *Walls v. State*, 1994 WL 605506 (Del. Oct. 25, 1994); *Walls v. Delaware State Police*, 1989 WL 88651 (Del. July 17, 1989).

to provide more certainty about the length of sentences to be served by criminal defendants."[2] The TIS Act repealed certain provisions of Titles 11 and 16 of the Delaware Code, but provided that the repealed provisions "shall remain in force and effect for the purpose of trial and sentencing for all crimes which occur prior to 12:01 a.m., June 30, 1990."[3] The TIS Act, as amended in 1990, also provided that "[a]ny individual convicted of a crime on or after January 1, 1990, which crime occurred prior to June 30, 1990, may elect to be sentenced under the provisions of the Truth in Sentencing Act of 1989 rather than under the prior provisions of this title."[4] Walls bases his claim that he is entitled to resentencing on this provision, which was codified as 11 *Del. C.* § 4216(d).

(5)     Walls contends that he was entitled to elect sentencing under the TIS Act because his conviction did not become final until March 1, 1990, when this Court entered its mandate in his direct appeal. We conclude that the Superior Court did not err in determining that Walls is not entitled to resentencing. Walls was "convicted" within the meaning of Section 4216(d) when the jury found him guilty on November 17, 1987.[5] Walls's attempt to import the "finality" concept from Superior Court Criminal Rule 61 into Section 4216(d) is unavailing. Neither the

---

[2] *State v. Barnes*, 116 A.3d 883, 884 (Del. 2015).
[3] 67 Del. Laws ch. 130 § 4.
[4] 67 Del. Laws ch. 350 § 3, *codified as* 11 *Del. C.* § 4216(d).
[5] *See* 11 *Del. C.* § 222(3) ("When used in this Criminal Code . . . . 'Conviction' means a verdict of guilty by the trier of fact, whether judge or jury, or a plea of guilty or a plea of nolo contendere accepted by the court.").

3

word "final" nor the finality concept appears in Section 4216(d). Indeed, the fact that Rule 61 defines when a conviction becomes final indicates that the words "conviction" or "convicted," standing alone, do not encompass the concept of finality.[6] Moreover, Walls's reliance on federal case law applying federal statutes or addressing nonstatutory principles of retroactivity is misplaced.

(6)   Walls's second argument on appeal is that 16 *Del. C.* § 5021 entitles him to be transferred to the Veterans Administration hospital for treatment for posttraumatic stress disorder and traumatic brain injury that resulted from his military service. Section 5021 appears in a chapter of the Delaware Code governing the involuntary commitment of persons with mental conditions and provides:

> The provisions in the Delaware Code pertaining to the admission, commitment, care and discharge of persons diagnosed with a mental condition at state institutions shall apply with the same force and effect to persons entitled to the services of hospitals for people with a mental condition operated by the Veterans Administration. Persons so entitled may be transferred from state institutions to such Veterans Administration hospitals subject to the statutory provisions affording interested parties the right to have the status of the person with a mental condition determined as provided by law.[7]

The plain language of Section 5021 provides no basis for concluding that it provides a person in the custody of the Department of Correction with a right to obtain a

---

[6] *See* DEL. SUPER. CT. CRIM. R. 61(i)(1) ("A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final . . . ."); *id.* R. 61(m) (defining when a judgment of conviction becomes final for purposes of Rule 61).
[7] 16 *Del. C.* § 5021.

transfer to the Veterans Administration hospital. Moreover, Walls's argument that "may be transferred" means "shall be transferred" or "must be transferred" is inconsistent with the permissive, and not mandatory, meaning of the word "may."[8]

(7) Finally, Walls argues that the "judges appointed to all Delaware courts" under Article IV, Sections 1-5 of the Delaware Constitution "were appointed in violation of the U.S. Constitution" and in "bad faith," and Walls is therefore entitled to a new hearing before a properly appointed judge. Walls did not present this issue to the Superior Court, and we will not consider it for the first time on appeal.[9]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[8] *See generally City of Lewes v. Nepa*, 212 A.3d 270, 279 (Del. 2019) (holding that statute providing that a board of adjustment "may" grant a variance did not create a statutory obligation to grant a variance, and contrasting permissive meaning of "may" with mandatory meaning of "shall").

[9] DEL. SUPR. CT. R. 8.

5